Filed 6/12/23 P. v. Williams CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRIAN WILLIAMS,<br><br>Defendant and Appellant. | C092913<br><br>(Super. Ct. No. 94F04063)<br><br>OPINION ON TRANSFER |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In 1994, defendant shot and killed the victim, his girlfriend's estranged husband, after an argument. A jury found defendant guilty of second degree murder (Pen. Code, §§ 187, 189; statutory section citations that follow are to the Penal Code) and found true a personal firearm use enhancement (former § 12022.5, subd. (a)(1)). Defendant pleaded no contest to unlawful possession of a firearm (former § 12021, subd. (a)(1)) and admitted a prior strike conviction (§ 667, subds. (b) - (i)). We affirmed defendant's convictions on appeal but remanded the case for the court to exercise its discretion as to a sentencing issue. (*People v. Williams* (July 14, 1997, C021467) [nonpub. opn.].)

1

In 2019, defendant filed a former section 1170.95 petition for resentencing under Senate Bill No. 1437 (2017-2018 Reg. Sess.). (Former section 1170.95 has since been renumbered section 1172.6, with no change in text [see stats. 2022, ch. 58, § 10].) The trial court received briefing from the parties. The court then issued a written order denying the petition, saying defendant was ineligible for relief because "[h]e was the actual killer, and no felony-murder instruction was given [at trial], nor any instruction on the natural and probable consequences doctrine that applies to accomplice liability."

Defendant appealed and appointed counsel for defendant asked this court to independently review the record pursuant to *Wende*.

We dismissed the appeal as abandoned. The California Supreme Court granted review of the case and later transferred the matter back to this court with instructions to vacate the dismissal and reconsider the case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). This court vacated the dismissal and sent defendant a letter notifying him of his obligations under *Delgadillo*. Appointed counsel filed a brief asking the court to consider the issues raised in defendant's supplemental brief and conduct an independent review of the record. Defendant has filed a supplemental brief raising various issues. We have considered defendant's arguments and will affirm the trial court's order.

## DISCUSSION

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under former section 1170.95 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a

supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

Defendant argues section 1172.6 violates his equal protection rights because it treats him, as the actual killer, differently than someone who was convicted under an imputed malice accomplice liability theory. But actual killers are not similarly situated to aiders/abettors convicted of murder under an imputed malice theory for the purposes of the legislation at issue. (*People v. Brown* (2012) 54 Cal.4th 314, 328 [equal protection claims require a showing that " ' "the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner" ' "].) When enacting section 1172.6, the Legislature explained the purpose of the section was to "more equitably sentence offenders in accordance with their involvement in homicides." (Stats. 2018, ch. 1015, § 1, subd. (b).) An actual killer has more involvement in a murder than someone who is only convicted under an imputed malice theory and thus is not similarly situated to such a person for the purposes of this legislation.

The Legislature expressly made this distinction; the legislation permits felony murder liability for, among others, actual killers. (Stats. 2018, ch. 1015, § 1, subd. (f).) "Where two or more groups are properly distinguishable for purposes of the challenged law, it is immaterial if they are indistinguishable in other respects. [Citation.] Nor, absent this threshold requirement, is an equal protection inquiry into the justification for any legislative distinction necessary. [Citation.]" (*People v. Barrett* (2012) 54 Cal.4th 1081, 1107.) We thus reject defendant's equal protection claim.

Defendant further claims he was denied due process because he did not receive a hearing on his petition as required by section 1172.6, subdivision (c). He also states the trial court did not review the record in this case, including the jury instructions. First, the record indicates the court did, in fact, review the jury

3

instructions given at trial. The court's order mentions specific instructions relevant to its decision, and its failure to specifically discuss an instruction defendant mentioned in his briefing does not mean the court did not review the instructions.

Second, any failure to hold a hearing, even if required, was harmless error because there is no reasonable probability defendant would have obtained a better result had he received a hearing at the prima facie stage. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 892 [*Watson* harmless error applies for "omissions at the first step of the section 1172.6 process"].) As the trial court noted, defendant alone committed the murder, and the jury was only instructed on murder, voluntary manslaughter, and involuntary manslaughter, without any instructions on accomplice liability, felony-murder, or the natural and probable consequences doctrine. The jury could not have convicted defendant on a theory on which it was not instructed. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939.) No hearing before the trial court could have changed this fact. Any error was therefore harmless.

Finally, defendant argues the trial court failed to consider *People v. Robertson* (2004) 34 Cal.4th 156, overruled by *People v. Chun* (2009) 45 Cal.4th 1172, and *In re Ferrell* (2023) 14 Cal.5th 593, which all considered the use of assaultive felonies as the underlying crimes in felony-murder convictions. As noted above, however, defendant could not have been convicted on a felony-murder theory because his jury was not instructed on such a theory. Consequently, the trial court would have had no reason to address any of these cases.

Nor does the fact that the court instructed defendant's jury on gross negligence using CALJIC No. 3.36, just as the jury in *People v. Robertson* was instructed, mean that defendant was convicted under a felony-murder theory. In *Robertson*, the instruction was used to define the phrase "gross negligence" as it was used in the predicate felony of discharging a firearm in a grossly negligent

4

manner.  (*People v. Robertson, supra*, 34 Cal.4th at p. 168.)  Here, the instruction was used to define the same phrase as it applied to the lesser included crime of involuntary manslaughter.  The instruction is not, by itself, evidence that a felony-murder theory was applied in defendant's case.

We find no merit in defendant's arguments.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

KRAUSE, J.